UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------ X

JAMES AND FELICIA RICKS,

          Plaintiffs,

  - against -

NEW CHRYSLER, OLD CARCO LLC,
(f/k/a CHRYSLER LLC),

          Defendant.

------------------------------------------------ X

**MEMORANDUM
OPINION AND ORDER**

10 Civ. 9674 (SAS)

SHIRA A. SCHEINDLIN, U.S.D.J.:

## I. INTRODUCTION

      James and Felicia Ricks, proceeding pro se, bring this action against Chrysler Group LLC for violations of state and federal Lemon Laws, including the Magnuson-Moss Warranty Act and Minnesota Lemon Law.[1] Plaintiffs allege that their 2004 Dodge Durango was "defective" upon purchase and Chrysler failed to honor the "New Owner Warranty."[2] Chrysler Group LLC moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or, alternatively, for referral to the Bankruptcy Court for the Southern District of New York pursuant to section

---

[1] *See* 15 U.S.C. § 2301 *et seq.*; Minnesota Statutes § 325F.665(3).

[2] Complaint at 5.

1

157(a) of Title 28. For the reasons stated below, Chrysler's motion for referral is granted.

## II.   BACKGROUND[3]

On April 30, 2009, the manufacturer of the vehicle that is the subject of this action, Chrysler LLC, and 24 of its affiliates (collectively "Old Chrysler") filed for bankruptcy protection in the United States Bankruptcy Court for the Southern District of New York.[4] Subsequently, Old Chrysler entered into an MTA with a new and independent entity known as Chrysler Group LLC ("New Chrysler") – defendant in this action – under the terms of which New Chrysler acquired substantially all of Old Chrysler's assets and assumed certain of its liabilities.[5] On June 1, 2009, the bankruptcy court entered the Sale Order relating

---

[3]   Plaintiffs' allegations are sparse and would fail to state a claim without construing the Complaint liberally because of plaintiffs' pro se status. Thus, this factual background is largely taken from attachments to New Chrysler's motion, but pertains to publicly available information of which the Court may take judicial notice pursuant to Rule 201 of the Federal Rules of Evidence. *See, e.g., Kramer v. Time Warner Inc.*, 937 F.2d 767, 774 (2d Cir. 1991) (taking judicial notice of publicly available SEC documents).

[4]   *See* MTA, *In re Old Carco LLC* (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.), Ex. A to 4/14/11 Request for Judicial Notice in Support of Chrysler Group LLC's Motion to Dismiss or Alternatively, for Referral to Bankruptcy Court in This District ("Req. Notice") at 1.

[5]   *See id.*

2

to the MTA,[6] which specifically addressed New Chrysler's liability under Lemon Laws, providing in relevant part: "Notwithstanding anything else contained herein or in the [MTA], . . . [New Chrysler] . . . will recognize, honor and pay liabilities under Lemon Laws . . . [in] federal or state statute, including, but not limited to, claims under the Magnuson-Moss Warranty Act[.]"[7]

### III. APPLICABLE LAW

Section 157(a) of Title 28 provides district courts with discretion to refer "any or all cases under title 11 and any or all proceedings arising under title 11 or arising in or related to a case under title 11 . . . to the bankruptcy judges for the district." This statute was implemented in the Southern District of New York by a General Reference Order issued on July 10, 1984, by then Acting Chief Judge Robert J. Ward, and states: "Pursuant to Section 157(a) of the Bankruptcy Amendments and Federal Judgship Act of 1984, any or all cases under Title 11 and any or all proceedings arising under Title 11 or arising in or related to a case under Title 11 are referred to the bankruptcy judges for this district."[8] "It is well

---

[6] *See* Sale Order, dated June 1, 2009, *In re Old Carco LLC* (f/k/a Chrysler LLC), Case No. 09-50002 (Bankr. S.D.N.Y.), Ex. B to Req. Notice.

[7] *Id.* ¶ 19.

[8] 7/11/84 General Reference Order, Ex. G to Req. Notice. *See also Delcon Const. Corp. v. Board of Educ. of City of Yonkers, New York*, 299 B.R. 60, 61 (S.D.N.Y. 2003); *Official Committee of Unsecured Creditors of Verestar, Inc. v.*

established that this Order *requires* referral to the bankruptcy court if the pending case falls within the terms of the General Reference Order and if the bankruptcy court has jurisdiction over the matter."[9] The question "whether a matter can be referred to a bankruptcy judge under Section 157(a) and whether the matter is within the jurisdiction of the bankruptcy court involve the same inquiry: . . . proceedings that are related to title 11 proceedings are within the jurisdiction of the bankruptcy court and can be referred to the bankruptcy judge."[10] Thus whether a proceeding before this Court must be referred to the bankruptcy court hinges on the single issue of whether it is "arising in or related to a case under Title 11."

## IV. DISCUSSION

Plaintiffs' claims for relief under state and federal Lemon Laws are covered by the plain terms of paragraph 19 of the bankruptcy court's Sale Order and thus arise in the Title 11 case of *In re Old Carco LLC*. Pursuant to section

---

*American Tower Corp.*, No. 05 Civ. 6268, 2005 WL 3455775 (S.D.N.Y. Dec. 15, 2005).

[9] *Delcon*, 299 B.R. at 61 (citing *Worldcom Network Servs., Inc. v. Al–Khatib*, No. 96 Civ. 4492, 1998 WL 23254, at *2 (S.D.N.Y. Jan. 22, 1998) (emphasis added); *Pan Am. Airways, Inc. v. Evergreen Int'l Airlines, Inc.*, 132 B.R. 4, 6 (S.D.N.Y. 1991); *Alliance Commc'ns Grp., Inc. v. Northern Telecom, Inc.*, 65 B.R. 581, 585 (S.D.N.Y. 1986) ("Referral to the bankruptcy court . . . is immediate and automatic.")).

[10] *Pan Am. Airways*, 132 B.R. at 7.

157(a) of the Bankruptcy Amendments, and the General Reference Order in this Court governing proceedings arising in or related to a case under Title 11, plaintiffs' action must be referred to the Bankruptcy Court for the Southern District of New York.

## V.  CONCLUSION

For the foregoing reasons, defendant's motion for an order referring this action to the bankruptcy court is hereby granted. The Clerk of the Court is directed to close this motion (Docket No. 11) and this case.

SO ORDERED:

Shira A. Scheindlin
U.S.D.J.

Dated:   New York, New York
         July 22, 2011

## -Appearances-

**Plaintiff (Pro Se):**

James R. Ricks
Felicia Ann Ricks
PO Box 1472
Minneapolis, MN 55311
(763) 486-6163

**For Defendant:**

Keith Bryan Rose, Esq.
The Rose Law Firm
501 New Karner Rd.
Albany, NY 12201
(518) 869-9200